UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES DAVID GALLAGHER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 13-cv-05038 RBL<br><br>REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF PROSECUTION<br><br>Noting Date: September 6, 2013 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter is before the Court on this Court's Order to Provide Proof of Service or to Show Cause why this matter should not be dismissed (*see* ECF No. 6).

This Court issued an Order to Provide Proof of Service or to Show Cause why this matter should not be dismissed (ECF No. 6) on June 10, 2013 ordering plaintiff to

provide proof of service or show cause by July 12, 2013 why this matter should not be dismissed for lack of prosecution.  Plaintiff has failed to file anything in response to this Court's Order. For this reason and because there is no evidence in the record that this case has been served properly, this Court recommends that this action be dismissed without prejudice.

## BACKGROUND

Plaintiff filed his complaint on January 18, 2013 and one summons was issued on February 20, 2013 (*see* ECF Nos. 1, 3, 5).  Fed R. Civ. P. 4(m) requires a defendant to be served within 120 days after a complaint is filed.  Fed. R. Civ. P. 4(l) requires proof of service to be filed or made to the court.  The record does not show that the Complaint has been properly served.

## DISCUSSION

This Court's June 10, 2013 order (*see* ECF No. 6) informed plaintiff that Fed. R. Civ. P. 4(i) governs service with respect to complaints against the United States and against United States agencies, officers and employees.  Plaintiff also was informed that Fed. R. Civ. P. 4(m) requires the court to provide notice to plaintiff before a matter may be dismissed for lack of prosecution, and Rule 4(i)(4) requires the court to allow a reasonable time for plaintiff to cure a failure to serve multiple entities, if plaintiff has effected service on either the United States attorney or the Attorney General of the United States.

Plaintiff was given five weeks to provide proof of service or show cause why this Court should not file a Report and Recommendation to dismiss this action. The Court

provided notice to plaintiff that this matter may be dismissed for lack of prosecution if plaintiff failed to provide proof of service by July 12, 2013 (*see* ECF No. 6). Although "the court must extent the time for service" if good cause is shown, plaintiff has not filed anything since the Court's Order to Show Cause (*see id.*). See Fed. R. Civ. P. 4(m).

## CONCLUSION

According to the Federal Rules of Civil Procedure, if "a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made." Fed. R. Civ. P. 4(m).

As plaintiff failed to abide by this Court's order and provide proof of service or show cause why this matter should not be dismissed, the undersigned recommends that this matter be dismissed for lack of prosecution and that the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 6**,** 2013, as noted in the caption.

Dated this 9th day of August, 2013.

J. Richard Creatura
United States Magistrate Judge